```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL SCIORE and<br>OLD CITY PRETZEL COMPANY,<br>LLC, | 1:18-cv-13220-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| KELLY PHUNG and STUDIO KP<br>LLC, | |
| Defendants. | |

**APPEARANCES**:

DAVID D. LIN
LEWIS & LIN LLC
81 PROSPECT STREET
SUITE 8001
BROOKLYN, NY 11201

    *On behalf of Plaintiffs*

MATTHEW ADAM GREEN
OBERMAYER REBMANN MAXWELL & HIPPELL LLP
1120 ROUTE 73
SUITE 420
MOUNT LAUREL, NJ 08054

    *On behalf of Defendants*

**HILLMAN, District Judge**

On August 24, 2018, Plaintiffs filed a complaint against Defendants seeking damages and injunctive relief arising from Defendants' alleged acts of defamation and tortious interference with contracts. Defendants allegedly published defamatory reviews of Plaintiffs' restaurant in Philadelphia, Pennsylvania

on Yelp.com.[1]  After Plaintiffs' complaint was successfully served on Defendants but before Defendants filed any response, Plaintiffs filed a notice of voluntary dismissal, without prejudice, pursuant to Federal Civil Procedure Rule 41(a)(1)(A)(i) on October 9, 2018.[2]  On October 10, 2018, the Clerk's Office terminated the action pursuant to Plaintiffs' notice of voluntary dismissal.

On February 8, 2019, Defendants filed a motion styled, "Motion for Relief Under Federal Rule of Civil Procedure 60(b)." Rule 60(b) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons.[3]  Defendants argue that this Court should

---

[1] This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this is an action between citizens of different states and the amount in controversy exceeds $75,000.  Plaintiffs are citizens of New Jersey and Defendants are citizens of Pennsylvania.

[2] Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

[3] Fed. R. Civ. P. 60(b) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move

2

vacate Plaintiffs' "without prejudice" dismissal, enforce the parties' settlement agreement, which Defendants contend mandated that Plaintiffs dismiss their action "with prejudice," and award Defendants the costs and reasonable attorneys' fees they have incurred in seeking enforcement of the settlement agreement. Defendants argue that their relief is supportable under Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), Rule 60(b)(3) ("fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"), and Rule 60(b)(6) ("any other reason that justifies relief"). Plaintiffs have opposed Defendants' motion and have cross-moved for sanctions.

The Court finds that relief under Rule 60(b) is not available to Defendants. As a primary matter, it does not appear that a plaintiff's unilateral voluntary dismissal under

---

for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

3

Rule 41(a)(1)(A)(i) constitutes a final judgment, order, or proceeding required by Rule 60(b). See Catbridge Machinery, LLC v. Cytec Engineered Materials Inc., 2012 WL 2952434, at *5 (D.N.J. 2012) (explaining that because a voluntary dismissal "does not operate as a final order, there is no basis for the court to vacate the dismissal under Rule 60(b)") (citing Ajiwoju v. Cottrell, 245 F. App'x 563, 565 (8th Cir. 2007) (holding that a district court lacks jurisdiction to vacate a dismissal under 60(b) if the dismissal does not operate as a final order or judgment); Tundell v. Merck & Co., Inc., 2008 WL 2385508, at *2 (N.D. Fla. 2008) (noting "[a]s a threshold matter, it is not readily apparent that the [district] court had jurisdiction under Rule 60(b) to consider ... a motion to vacate because a notice of voluntary dismissal seemingly does not constitute a "'final judgment, order, or proceeding'")).[4]

---

[4] Defendants argue that a Rule 41(a)(1)(A)(i) voluntary dismissal constitutes a "final judgment, order, or proceeding" under Rule 60(b), citing to Williams v. Frey, 551 F.2d 932, 933 (3d Cir. 1977). The Williams case is inopposite. In that case the "parties entered into a "judicially approved 'Stipulation[]'" settling the case by agreement and presumably entered under Rule 41(a)(1)(A)(ii) not Rule 41(a)(1)(A)(i). Id. Moreover, the Third Circuit noted that:

> [The district] court never decided whether it would grant relief under F. R. Civ. P. 60(b) because it concluded that the petition must be dismissed "for want of a live case or controversy." We need not express any view as to whether the court had grounds on which to grant relief under F. R. Civ. P. 60(b). We hold merely that the court had the power to consider granting collateral relief even though the case

4

Even if a voluntary dismissal under Rule 41(a)(1)(A)(i) does satisfy the "final judgment, order, or proceeding" requirement of Rule 60(b), such voluntary dismissal is a product of Plaintiffs' deliberate, strategic choice. It is therefore not the result of mistake or excusable neglect, and "it should not be undone via Rule 60(b)(1)." See Thomas v. Ramapo College of New Jersey, 2011 WL 3206448, at *3 (D.N.J. 2011) (citing Eskridge v. Cook County, 577 F.3d 806, 810 (7th Cir. 2009) (finding that where choice to dismiss the federal lawsuit and proceed in state court was deliberate, the incorrect assessment

---

had been dismissed, and no judgment or order been entered. Williams, 551 F.2d at 935 n.2 (citation omitted). Significantly, the Third Circuit stated, "In sum, the court had the power to reopen the dismissed suit. Once the suit was reopened, the court had the power to order that the Stipulation be considered a consent decree, especially as both sides acquiesced in this procedure." Id. at 935.

Thus, the Third Circuit ultimately concluded that the district court had the power to consider the petition to modify the dismissal agreement, and considered the stipulation of dismissal to be a "proceeding" which was "final." But the Third Circuit did not explicitly decide the issue under Rule 60(b), and the nature of the dismissal in Williams - which was agreed to by the parties and approved by the court - differs significantly from the situation here, where Plaintiffs unilaterally, and without agreement from Defendants and without approval of the Court, dismissed their action. It is one thing for a court to determine the meaning and import of a stipulation signed by the parties, entered on the docket and endorsed by that same court. It is another thing for a unilateral dismissal allowed for by the rules to become the procedural vehicle to determine the existence or parameters of an extra-judicial settlement.

5

of the consequences did not compel relief under Rule 60(b)).

Further, "Rule 60(b) is not a tool to resolve conflicting interpretations of the parties' legal obligations." In re Nazi Era Cases Against German Defendants Litigation, 213 F. Supp. 2d 439, 451 (D.N.J. 2002) (citing Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002) ("Reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."). Thus, Defendants' dispute over the parties' purported settlement does not constitute fraud, misrepresentation, or misconduct by Plaintiffs that would invoke Rule 60(b)(3).

Finally, this case does not present the extraordinary circumstances required to implicate Rule 60(b)(6). See Buck v. Davis, 137 S. Ct. 759, 777–78 (U.S. 2017) ("Rule 60(b) vests wide discretion in courts, but we have held that relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.' In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." (citations and quotations omitted)); see also Coltec Industries, Inc. v.

Hobgood, 280 F.3d 262, 273 (3d Cir. 2002) (explaining that a plaintiff's decision to voluntarily to dismiss its claims is an equitable factor militating against Rule 60(b)(6) relief); id. (observing that courts "have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions" (quoting In re Fine Paper Antitrust Litig., 840 F.2d 195 (3d Cir. 1988)).

The remedy for Defendants' contention that Plaintiffs breached their settlement agreement is not through their current Rule 60(b) motion, but rather through the institution of a separate action, see, e.g., Guzman v. Nirvana Pool & Spa, LLC, 2011 WL 108953, at *1 (D.N.J. 2011) (denying the plaintiffs' motion to enforce the settlement because, *inter alia*, the settlement was not part of the record, and noting that a plaintiff's recourse for a defendant's alleged failure to abide by the terms of the settlement agreement may be to file a new action for breach of contract, citing Sawka v. Healtheast, Inc., 989 F.2d 138, 141–42 (3d Cir. 1993) (assuming arguendo that defendant breached the terms of the settlement agreement, "that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement"), or in defense of a subsequently filed action. See infra note 5.

Consequently, the Court must deny Defendants' "Motion for Relief Under Federal Rule of Civil Procedure 60(b)." The Court

7

will also deny Plaintiffs' corresponding cross-motion for sanctions.[5] The dispute over the parties' purported settlement cannot be raised before the Court in this action.[6]

An appropriate Order will be entered.


Date: August 30, 2019             s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

---

[5] On June 14, 2019, Plaintiffs refiled their complaint against Defendants. SCIORE v. PHUNG, 1:19-cv-13775-NLH-AMD. On August 20, 2019, Defendants filed a motion to dismiss Plaintiffs' complaint. Briefing on that motion has not been completed. The Court notes that Rule 41(d) provides:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> > (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> >
> > (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d).

[6] Because Plaintiffs voluntarily dismissed their action and did not seek the Court's approval of their settlement or request that the Court retain jurisdiction over the matter, the Court does not have jurisdiction over the settlement. See Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 378 (1994) (finding as a general rule that a federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders).